UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CALDWELL AND PARTNERS, INC., § <br> as sponsor of and on behalf of the § <br> Caldwell and Partners, Inc. 401(k) Plan, § <br>     *Plaintiff*, § <br> § <br> v. § <br> § <br> VANTAGE BENEFITS § <br> ADMINISTRATORS, INC., JEFFREY § <br> A. RICHIE, WENDY RICHIE, § <br> AND RSM US, LLP, § <br>     *Defendants*. § | CIVIL ACTION No. 3:17-CV-03459-N |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff **CALDWELL AND PARTNERS, INC.** ("CPI" or "Plaintiff"), as sponsor of and on behalf of the Caldwell and Partners, Inc. 401(k) Plan (the "Plan"), complains of the actions of Defendants VANTAGE BENEFITS ADMINISTRATORS, INC. ("Vantage"), JEFFREY A. RICHIE ("J. Richie"), WENDY RICHIE ("W. Richie") (collectively with J. Richie, the "Richies"), and RSM US, LLP ("RSM").

**FACTUAL AND PROCEDURAL BACKGROUND**

1.  This suit is brought under the Employment Retirement Income Security Act ("ERISA") to remedy Defendants' breaches of their ERISA duties against a plan for the benefit of roughly 129 participant employees. Defendants' breaches have caused the Plan to suffer losses exceeding $10 million.

2. CPI first became aware of its claims in late October 2017, when the U.S. Federal Bureau of Investigation (the "FBI") raided the offices of Vantage in Dallas, Texas, in order to investigate allegations of missing retirement funds. CPI quickly commenced litigation in the 116th District Court of Dallas County, Texas, to obtain emergency discovery and other emergency relief. That action was assigned to cause number: DC-17-15265. The state court granted multiple forms of emergency relief, including a temporary restraining order, emergency written discovery, emergency deposition of Jeffrey A. Richie ("J. Richie"), emergency appointment of a limited receiver, and a temporary injunction.

3. Vantage was served with process for the state court action on November 6, 2017, through its registered agent, J. Richie. *See* Affidavit of Sheriff Edge, Exhibit A to CPI's Requests for Entry of Default [Doc. Nos. 10 & 12].

4. In addition to Sheriff Edge's affidavit, Vantage also confirmed service of process during a court-ordered emergency deposition of its registered agent, J. Richie. During that deposition, Vantage not only confirmed service of process, but also confirmed knowledge of factual allegations CPI has made in this action. In response to most other substantive questions, however, Vantage refused to testify, pursuant to rights under the Fifth Amendment of the United States Constitution.

5. To date, Vantage never answered the state court action.

6. Through the state court's emergency discovery orders, CPI was able to identify Vantage's specific wrongful acts. When CPI uncovered that Vantage violated multiple duties arising under ERISA, CPI did two things: First, CPI amended its state court petition to assert the jurisdictionally exclusive ERISA claims (but Vantage never answered nor removed); And second, CPI initiated this federal action for the Plan's ERISA claims on December 20, 2017.

7. CPI served J. Richie, Vantage's registered agent, a second time on January 12, 2018, by serving him with this Court's summons. *See* Request for Default, dated February 6, 2018 [Doc. No. 10]. CPI then served J. Richie once more with summons for Vantage, on February 10, 2018. *See* Request for Default dated March 1, 2018 [Doc. No. 12].

8. Neither Vantage nor J. Richie ever answered this federal action. Accordingly, the Clerk has entered a default with respect to both. *See* Entries of Default at Doc. Nos. 11 & 14.

## MOTION FOR DEFAULT JUDGMENT

### Default Judgment is Appropriate and Necessary for Justice

9. Rule 55 of the Federal Rules of Civil Procedure entitles CPI and the Plan to a default judgment because Vantage has failed to answer. A default judgment will serve the interests of justice because the Plan's roughly 129 participants have lost substantially all their retirement savings unless and until CPI can recover them by way of this Court's judgment. Thus, CPI respectfully prays this Court enter a default judgment expeditiously so CPI can begin the long endeavor of execution.

10. In addition to Rule 55, other factors further indicate the propriety of a default judgment in the case at bar. Vantage has been aware of CPI's claim since at least November 6, 2017, yet has never filed an answer or attempted to defend itself. J. Richie even gave deposition testimony on November 21, 2017, wherein he invoked his Fifth Amendment rights for substantially all material questions regarding CPI's claims. *See* excerpts of J. Richie's deposition transcript, attached hereto as Exhibit A. Vantage's failure to defend CPI's allegations for a period of ***four months*** is additional cause to enter a default judgment.

11. Not only does this history demonstrate that default judgment is proper, but so does Vantage's invocation of its Fifth Amendment rights against self-incrimination, in response

to CPI's examination.  "It is well settled that 'the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them.'" *Hinojosa v. Butler*, 547 F.3d 285, 291 (5th Cir. 2008) (granted new trial to allow inference of Fifth Amendment invocation).

12.     Vantage refused to provide testimony in response to specific and pointed questions regarding each element of CPI's claims.  First, Vantage refused to testify in response to CPI's claim that it was an ERISA fiduciary for the plan, as follows:

> Q.  And Vantage Benefits Administrators acted as the fiduciary for that plan?
>
> [J. Richie's Criminal Counsel]: Plead the Fifth.
>
> A. I plead the Fifth.

Deposition of J. Richie, attached as Exhibit A, Page 35, lines 2-5.

13.     Vantage furthered refused to testify to the specific mechanism it used to transfer plan assets, in violation of its ERISA duties, as set forth below:

> Q.      An in addition to the FIS system, there was an alternative means that someone from Vantage could request a distribution directly from [the custodian]; isn't that correct?
>
> [J. Richie's Criminal Counsel]: Plead the Fifth.
>
> A.      I plead the Fifth.
>
> Q.      And that would have been done, at least in one way, via an online system or form that you could access via [the custodian's] website or portal; isn't that correct?
>
> [J. Richie's Criminal Counsel]: Plead the Fifth.
>
> A.      I plead the Fifth.

Deposition of J. Richie, attached as Exhibit A, Page 38, line 19.

14.     Vantage also refused to testify regarding its specific ERISA violations, as set forth below:

> Q.      From late 2014 to October 25th of this year, you were aware, were you not, that someone at Vantage was making or requesting distributions directly from [the custodian] from assets of the plan my client sponsored; isn't that correct?
>
> [J. Richie's Criminal Counsel]: Plead the Fifth.
>
> A.      I plead the Fifth.
>
> …
>
> Q.      Under ERISA, there are certain prohibited transactions. Are you aware of that?
>
> [J. Richie's Criminal Counsel]: Plead the Fifth.
>
> A.      I plead the Fifth.
>
> Q.      Examples of those transactions would include transfers between plan assets and what's called a party of interest. Vantage was a party of interest; isn't that correct?
>
> [J. Richie's Criminal Counsel]: Plead the Fifth.
>
> A.      I plead the Fifth.
>
> Q.      Vantage was involved in making transfers from my client's plan assets to Vantage; isn't that correct?
>
> [J. Richie's Criminal Counsel]: Plead the Fifth.
>
> A.      I plead the Fifth.

Deposition of J. Richie, attached as Exhibit A, Page 44, line 22.

15.     For all of the reasons cited above, CPI is not only entitled to a default judgment against Vantage, but the default judgment sought by CPI against Vantage also serves the interests of justice.  CPI prays that the Court enter a default judgment against Vantage.

**The Amount of CPI's Claim**

16. CPI's claim can be readily computed in two simple components: 1) the amount CPI's ERISA plan (the "Plan") is short of its correct value and 2) CPI's attorney fees and costs.

17. As is common in such matters, Vantage's records were inaccurate and incomplete, in that they did not account for the violative transfers. Vantage's records were further inaccurate and incomplete in a number of other particulars. *See* Affidavit of Robert W. Lowry, attached hereto as Exhibit B. Thus, CPI retained experienced and highly qualified experts who expended a combined total of over 280 hours reviewing multiple sources of financial and other information to re-create the Plan's asset balance but for Vantage's conduct. *See Id.* Following this extensive study, CPI has demonstrated that the Plan's balance would be $12,683,516. *Id.*

18. While the Plan would have assets totaling $12,683,516, but for the actions CPI complains of, the Plan actually only contains funds in the amount of $2,513,064 as a result of Vantage's wrongful conduct. The difference of these two values shows the amount of damages as a direct result: $12,683,516 - $2,513,064 = $10,170,452. *See* Affidavit of Robert W. Lowry, attached hereto as Exhibit B.

19. CPI's attorney fees and costs also amount to a sum certain. CPI has incurred a total of $297,836.75 in attorney fees and costs to investigate, respond to, and prosecute its claims against Vantage. *See* Affidavit Arnold Shokouhi, attached hereto as Exhibit C.

20. The sum of the Plan's shortage in addition to the Plan's attorneys' fees and costs is equal to ten million four hundred and sixty-eight thousand two hundred eighty-eight dollars and seventy five cents ($10,468,288.75).

## PRAYER FOR DEFAULT JUDGMENT

21. Accordingly, **CPI respectfully requests the Court enter a default judgment against Vantage in the amount of $10,468,288.75** pursuant to Rule 55 of the Federal Rules of Civil Procedure.

        Respectfully submitted,

        M<small>C</small>C<small>ATHERN</small> P.L.L.C.

        */s/ Justin Bryan*
        Arnold Shokouhi
        State Bar No. 24056315
        arnolds@mccathernlaw.com
        Justin Bryan
        State Bar No. 24072006
        jbryan@mccathernlaw.com
        Shane Eghbal
        State Bar No. 24101723
        seghbal@mccathernlaw.com

        3710 Rawlins, Suite 1600
        Dallas, TX 75219
        Telephone:  (214) 741-2662
        Facsimile: (214) 741-4717

        **ATTORNEYS FOR CPI**